ERNEST JOHNSON *et al.*, COMPLAINANTS, APPELLANTS, *v.*
E. B. CRENSHAW *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1931.)

Opinion filed March 26, 1932.

A. B. KNIPMEYER, for complainants, appellants.

WALTER CHANDLER, L. D. BEJACH, L. D. SMITH, Attorney-General, and J. W. COOPER, Assistant Attorney-General, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed by auditors and public accountants in Memphis seeking to enjoin the collection by the State, City and County of a $25 tax provided for in Chapter 89 of the Acts of 1927, on the theory that under the language of the provision a person following this vocation and conducting the business personally without using assistants was not liable for the tax. The Chancellor dismissed the bill.

The pertinent sections of the Revenue Act read as follows:

"Sec. 4. That each vocation, occupation and business hereinafter named in this section is hereby declared to be a privilege, and the rate of taxes on such privilege shall be as hereafter fixed, which privilege tax shall be paid to the County Court Clerk as provided by law for the collection of such revenue."

"CERTIFIED PUBLIC ACCOUNTANTS, AUDITORS AND PUBLIC ACCOUNTANTS. Each person, firm or corporation engaged in public accounting, compiling income-tax returns, auditing, and/or devising and installing systems, where a charge is made therefor, shall pay privilege tax as follows: Each person, firm or corporation employing one and not more than five accountants or auditors, in each county ..............$25.00."

Conceding, but not deciding, that a case is presented for equitable relief by injunction, we are of opinion that the Chancellor correctly construed the Act as applying to the complainants. The evident purpose of the Act, when viewed as a whole, was to tax each person engaging in this particular business $25 when not more than five were employed. Such ambiguity as exists grows out of the combining of the simple noun "person" with the collective nouns "firm" and "corporation," and, again,

from the combining of the personal entities of "person" and "firm" with the artificial entity "corporation."

It will be observed that under the first sentence of the language of the Act levying the tax *each person,* firm or corporation engaged in this business is quite definitely and clearly required to pay a privilege tax. The question made arises under the final clause which had for its object the fixing of the amount only, naming a minimum, and prescribing a limitation to this minimum of $25 whenever not more than five accountants were engaged. We think it clear that it was intended that each and all "certified public accountants, auditors and public accountants," should pay *some* tax, and $25 being fixed as the minimum under the Act, this sum must be paid by each within the class. This view is in accord with Section 12 of the Act, wherein the Legislature declared that, "This Act shall not be so construed as to exempt any person, firm or corporation whatever exercising any of the foregoing privileges." Complainants below are exercising one of the "foregoing privileges" and seek exemption.

One may quite properly be said to "employ" himself, that is, engage or use himself, in a particular line of work, and while more apt language might have been used, the meaning is plain when taken in its context.

It is to be observed that in the Revenue Act of 1931 all possible doubt is removed by an elaboration of statement, and the tax is laid as we now hold.

Affirmed.